Dawes *v.* Cammus.

JOHN DAWES

*v.*

CASPAR H. R. CAMMUS and others.

1. A mere reference, in an answer, to an agreement for usury, that " by said corrupt and usurious contract [the mortgagee] was to receive and has already received and taken more than seven dollars for the forbearance of one hundred dollars a year," no agreement whatever being set out, is insufficient.

2. The rule that where mortgaged lands are sold in parcels, they are to be resorted to in the inverse order of their sale to satisfy such mortgage, applied, on a foreclosure of three mortgages covering the same premises, the third of which covered also another tract of land.

Bill ·to foreclose and cross-bill. On final hearing on pleadings and proofs.

*Mr. James Buchanan,* for complainant.

*Mr. S. M. Dickinson,* for defendant Samuel Burk, jun.

THE CHANCELLOR.

The original bill is filed to foreclose three mortgages held by the complainant by assignment, two of which are on a small tract of land of thirteen and thirty-seven one-hundredths acres, in the township of East Windsor, in the county of Mercer, and the third on that property and a lot of land in the borough of Hightstown. The first-mentioned two mortgages were given by Henry Silvers and wife to Joseph Ely, now deceased. One of them is dated May 31st, 1841, and the other April 3d, 1851. They were assigned by Ely's executors to Joseph J. Ely, and by him to the complainant Dawes, April 29th, 1873. The other mortgage was given June 20th, 1868, by Esbon R. Cole and wife to Olmstead H. Reed, by whom it was assigned to the complainant Dawes, February 24th, 1873. The original bill is

filed to foreclose these mortgages as to the tract of about thirteen acres.

Henry Silvers conveyed that tract to Esbon R. Cole, subject to the two mortgages then on it (and the payment of which Cole assumed), by deed dated March 28th, 1866. In November of that year, Cole and his wife conveyed a part of that property to the Pemberton and Hightstown Railroad Company. By deed dated February 11th, 1871, they conveyed another part of it (two acres and seven-eighths) to the defendant Caspar H. R. Cammus, and, by sale under a judgment recovered in the supreme court, April 8th, 1872, by John H. Silvers against Cole, the former acquired title to the rest of the property, ten and one-half acres. He conveyed it, May 5th, 1874, to Abraham H. Harris, and, under a judgment against Harris, it was sold to Reuben Norris, who, on the 8th of April, 1875, conveyed it to Charles Burk, who, on the 19th of the same month, conveyed it to Samuel Burk, jun., who mortgaged it to Charles Burk.

The Hightstown property was mortgaged by Cole and his wife to John H. Silvers, by mortgage of March 1st, 1871, and, under a foreclosure thereof, it was sold to John H. Silvers and Aaron Dawes, in 1873, subject to the complainant's mortgage thereon, and Dawes subsequently bought the interest of Silvers in the property, who conveyed it to him accordingly.

The cross-bill is filed by Samuel Burk, jun., to subject the Hightstown property also to sale, in exoneration, in equity, of his land. By his answer to the original bill, he sets up usury in the mortgage to Reed, but it is not sufficiently pleaded. The allegation is that Cole, the mortgagor, being in need of a loan of $2,500, applied to a lawyer; who informed him he could obtain it for him if he would give Reed his bond and mortgage for $2,500; that Cole, relying on the lawyer, and being in straitened circumstances, made his bond and mortgage to Reed, and also paid $150 to the before-mentioned lawyer acting as the attorney for Reed, as a premium for the loan. There is no allegation that Reed

Dawes *v.* Cammus.

received the $150, or any part of it, or that the agreement to pay it was any part of his contract for the loan. The answer, indeed, alleges that " by said corrupt and usurious contract Reed was to receive, and has already received and taken, more than seven dollars for the forbearance of $100 a year," but no agreement whatever is stated. The defence of usury must, therefore, be dismissed from consideration. And so, too, of another defence, viz., that the Reed mortgage was, in fact, paid off by Aaron Dawes after he became the sole owner of the Hightstown property, though, as is alleged, he still keeps it on foot by means of an assignment of it from Reed to his brother, the complainant, John Dawes. This defence is not set up in the pleadings, and, if it had been, it is not established by the evidence.

It remains merely to state the order of sale for the payment of the complainant's mortgages. The parcel sold to Burk is to be first sold to pay the three mortgages, for the conveyance to him (and so is the judgment, too, under which the sale was made) is subsequent to the conveyances to the railroad company and Cammus, respectively, and to the mortgage to Hill, under foreclosure of which Aaron Dawes holds his title to the Hightstown property. That property does not appear, by any evidence laid before me, to have brought more than the amount due on that mortgage. The Hightstown property is to be next sold to pay any balance which may be due after applying the proceeds of the sale of Burk's property to the money due on the Reed mortgage. The Cammus property is to be next sold, and after that the railroad parcel, if necessary, to pay any money remaining due on the first two mortgages.